AUSTIN ELVIN, Executor, et al., Appellees, v. MATTIE POWELL et al., Appellants.

EVIDENCE: Documentary Evidence—Foreign Statutes—Sufficiency
1 of Authentication. Printed copies of the statutes of a foreign state, purporting or proved to have been adopted by the legislature of said state and printed under its authority, are admissible in the courts of this state as presumptively correct.

WITNESSES: Competency—Statutes of Foreign State. One who
2 has practiced law in a named state and is familiar with the statute law thereof, is competent to testify that a volume in question constitutes the last existing code of said state. (See Sec. 4651, Code, 1897.)

TRIAL: Reception of Evidence—Withdrawal—Effect on Former
3 Ruling. Principle recognized that a ruling correctly authorizing the reception of certain evidence is not rendered erroneous by a subsequent withdrawal of such evidence.

STATUTES: Construction—Scope of Term "Instrument." The re-
4 turn of service of an original notice and the due verification thereof by affidavit, is the "proof of an instrument" within the meaning of the Code of Montana, Sanders' Edition, Section 1621, providing that officers authorized to take the "proof of instruments" are authorized to administer oaths.

*Appeal from Greene District Court.*—M. E. HUTCHISON, Judge.

THURSDAY, APRIL 5, 1917.

THIS is an action to construe a will and to quiet title in the plaintiffs to certain real estate. The plaintiffs are sons of the testatrix, and the defendants are her other children and children of a deceased son. The children of the

deceased son are Leo Austin Elvin, Winifred Elvin and Cecil Elvin. These are minors, aged, respectively, 12, 10 and 9 years. They are also nonresidents. Their attorney entered a special appearance attacking the jurisdiction of the court over them. This plea being overruled, they answered and defended on the merits, being represented by their mother, as natural guardian, and by their attorney, who was appointed guardian ad litem for them. There was a decree for the plaintiffs on the merits. The minor defendants have appealed.—*Affirmed.*

*George White, J. F. Gallup* and *L. H. Salinger,* for appellants.

*Wilson & Albert, Church & McCully* and *Howard & Sayers,* for appellees.

EVANS, J.—The appeal presents nothing

1. EVIDENCE: documentary evidence: foreign statutes: sufficiency of authentication.

for our consideration pertaining to the final merits of the case as found by the decree of the trial court. The order of the trial court in overruling the special plea of the minor defendants attacking the jurisdiction of the court over them is the one alleged error which is complained of on this appeal. Disregarding for the moment the alleged irregularity in the proof of service of notice, a service of original notice was made personally upon the minors and upon their mother in Montana, the state of their residence. The original notice itself was in due form, and likewise the purported verified return thereof endorsed thereon. The real ground of attack upon the jurisdiction, which developed at the hearing of the special plea, was that the officer before whom the sheriff made oath as to his return of service was not authorized to take an oath. This officer styled himself as county clerk and recorder of Dawson County, Montana, and attached to the jurat his official seal as of such county and state. Resting the argument for appellants first upon

a presumption that the laws of Montana are like our own, it is contended that we have no county clerk and that our county recorder has no power to administer an oath.

The plaintiffs, however, introduced in evidence an alleged Code of the state of Montana, and the argument has been largely concentrated upon such Code and its provisions. The contentions for the appellants are: (1) That such alleged Code was not sufficiently proven as an official or recognized publication; (2) that, if it be deemed to be sufficiently proven, it fails to show that the county clerk and recorder had any authority to administer such an oath as is involved herein.

Our conclusion on these two questions becomes decisive of the case, regardless of other questions which have been argued and which might otherwise be important.

2. WITNESSES: competency: statutes of foreign state.

1. The alleged Code purported: (1) To be the Code of Montana, Sanders' Edition; (2) to have been issued in 1895; (3) to be certified by D. S. Wade, Commissioner, as having been bodily adopted by the legislature of Montana in January, 1895, and as containing all the laws of Montana.

The plaintiffs further introduced in evidence the testimony of A. D. Howard, a practicing attorney of the bar of this state, who testified that he was practicing law in the state of Montana in the year 1895, and for many years thereafter; that he was now familiar with the laws of Montana; that the Code in question was the last Code extant in the state of Montana; that D. S. Wade was a Code commissioner appointed by the legislature of Montana who formulated and presented the Code in question to the legislature for adoption. It is urged, however, that Howard left Montana in 1903, and that, therefore, he should be deemed familiar with the law of Montana only up to such date. As a witness, he testified in the present tense, to his present familiarity therewith. We think his showing of

qualification was *prima facie* sufficient. His testimony in support of this Code could have been made more satisfactory. Its omissions cast a little cloud upon the diligence of counsel. It would doubtless have been easier to put the question beyond the point of argument by a little further testimony than it has been since to support the argument for its sufficiency. We reach the conclusion that the showing was fairly sufficient to meet the requirements of Code Section 4651.

**3. TRIAL: reception of evidence: withdrawal: effect on former ruling.** There is a further reason why we are impelled to this conclusion. In the cross-examination of Howard, counsel for the appellants formally introduced the same book in evidence. The book was, therefore, in evidence by the offer of both parties. It is claimed, however, that the appellants withdrew the evidence later. It was withdrawn, however, only after the trial court had ruled against the special plea of the appellants attacking the jurisdiction. If the ruling of the court was right when it was made, it could not thereafter be rendered erroneous by a subsequent withdrawal of evidence by the defeated party.

**4. STATUTES: construction: scope of term "instrument."** 2. Treating the Montana Code, therefore, as in evidence, does it show that the county clerk and recorder had a right to administer the oath to the sheriff? Appellees place reliance upon three certain sections thereof as follows:

"Section 1601. The proof or acknowledgment of an instrument may be made in this state within the city, county or district for which the officer was elected or appointed, before either: (1) A clerk of a court of record; or, (2) a county clerk; or, (3) a notary public; or, (4) a justice of the peace."

"Section 1613. Officers taking and certifying acknowledgments or proof of instruments for record, must authen-

ticate their certificates by affixing their signatures followed
by the names of their offices, also their seals of office if by
the laws of the state or country where the acknowledg-
ment or proof is taken, or by authority of which they are
acting, they are required to have official seals."

"Section 1621.  Officers authorized to take the proof of
instruments are authorized in such proceedings:

"1.  To administer oaths or affirmations, as prescribed
in the Code of Civil Procedure."

It will be noted from the foregoing that the county
clerk had undoubted authority to take the "proof of an
instrument."  Under Section 1621, an officer authorized to
take the proof of instruments is also authorized to admin-
ister oaths "in such proceedings."  The thought seems to
be that, if the proof of an instrument requires a verifica-
tion by oath, such officer is entitled to administer the oath.
In this case, the sheriff appeared before this county clerk
to make verified proof and return of service of the original
notice.  The formal return and the verification thereof
were essential to the proof.  Was this return, and the veri-
fication thereof, the "proof of an instrument" within the
meaning of the above statute?  The term "instruments" is
very broad in its scope.  It is evidently used in the statute
in a very general sense.  That it was not intended to be con-
fined to instruments which are usually acknowledged, is
rendered evident by the fact that the distinction between
*proof* of instruments and *acknowledgment* of instruments is
therein recognized.  We see no fair reason for saying that
the verification of this return by the sheriff was not a part
of the proof of an instrument, within the meaning of the
foregoing statute.

In view of our foregoing conclusion, we need not dwell
on the question of burden of proof, nor on the question
whether the attack upon this return was an attack upon
the jurisdiction of the court.

The defendants appeared generally and defended on the merits. They were represented by their mother as natural guardian, and by able counsel, who was made guardian ad litem. Whether the general appearance had the effect to waive the special, we need not determine. The authorities in other jurisdictions are in conflict on that question. The general merits of the case stand out very clearly. The decree entered inflicted no wrong upon these minors, and we are for that reason the more willing to reach the conclusion which we do. The order of the district court was right, and it is accordingly—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.